# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/22/2021
CT Log Number 539256221

TO:   Chuck Morici
      Ford Motor Company
      1 American Rd
      Dearborn, MI 48126-2798

RE:   **Process Served in California**

FOR:  Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anna Sakvarelidze, etc., Pltf. vs. Ford Motor Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet(s), Instructions, Addendum(s), Notice(s), Complaint, Demand, Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Van Nuys, CA<br>Case # 21VECV00189 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2017 Ford Focus, VIN:<br>1FADP3R4XHL325095 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/22/2021 at 15:56 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Raymond Velarde<br>The Lemon Law Man<br>700 S. Flower Street, Suite 1000<br>Los Angeles, CA 90017<br>626-671-5699 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/23/2021, Expected Purge Date:<br>03/28/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Mar 22, 2021

**Server Name:**                   Juan Rodriguez

Entity Served                      FORD MOTOR COMPANY

Agent Name                         C T CORPORATION SYSTEM

Case Number                        21VECV00189

Jurisdiction                       CA



Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2021 12:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANNA SAKVARELIDZE, an individual

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES COUNTY SUPERIOR COURT
6230 Sylmar Avenue
Van Nuys, CA 91401

</td>
<td>

**CASE NUMBER:** *(Número del Caso):*

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Velarde (Bar No. 311940), THE LEMON LAW MAN, 700 S. Flower Street, Suite 1000, Los Angeles, CA 90017

<table>
<tr>
<td>

**DATE:**
*(Fecha)* February 16, 2021

</td>
<td>

**Clerk, by** Sherri R. Carter Executive Officer / Clerk of Court, **Deputy**
*(Secretario)* A. Salcedo *(Adjunto)*

</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* FORD MOTOR COMPANY

   under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

<table>
<tr>
<td>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

</td>
<td>

**SUMMONS**

</td>
<td>

Code of Civil Procedure §§ 412.20, 485
*www.courts.ca.gov*

</td>
</tr>
</table>

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Raymond Velarde (Bar No. 311940)<br>THE LEMON LAW MAN<br>700 S. Flower Street, Suite 1000, Los Angeles, CA 90017<br><br>TELEPHONE NO.: 626-671-5699     FAX NO. *(Optional)*: 626-653-3965<br>ATTORNEY FOR *(Name)*: Plaintiff, Anna Sakvarelidze | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 6230 Sylmar Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME:

CASE NAME:
Anna Sakvarelidze v. Ford Motor Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [x] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve          courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence          court
                                      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2021

Raymond Velarde (Bar No. 311940)
_____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice— Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE: Anna Sakvarelidze v. Ford Motor Company | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: Anna Sakvarelidze v. Ford Motor Company | CASE NUMBER |
| --- | --- |

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☑ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Anna Sakvarelidze v. Ford Motor Company | CASE NUMBER |
|---|---|

| | | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|---|
| **Judicial Review** | | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2, 3, 6 |
| | | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | | Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2, 8 |
| | | | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2 |
| | | | ☐ A6153 | Writ - Other Limited Court Case Review | 2 |
| | | Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1, 2, 8 |
| | | Construction Defect (10) | ☐ A6007 | Construction Defect | 1, 2, 3 |
| | | Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1, 2, 8 |
| | | Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1, 2, 8 |
| | | Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1, 2, 3, 8 |
| | | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | Enforcement of Judgment (20) | ☐ A6141 | Sister State Judgment | 2, 5, 11 |
| | | | ☐ A6160 | Abstract of Judgment | 2, 6 |
| | | | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2, 9 |
| | | | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | | ☐ A6112 | Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1, 2, 8 |
| | | Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1, 2, 8 |
| | | | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2, 8 |
| | | Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment With Damages | 2, 3, 9 |
| | | | ☐ A6123 | Workplace Harassment With Damages | 2, 3, 9 |
| | | | ☐ A6124 | Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | | ☐ A6190 | Election Contest | 2 |
| | | | ☐ A6110 | Petition for Change of Name/Change of Gender | 2, 7 |
| | | | ☐ A6170 | Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | | ☐ A6100 | Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Anna Sakvarelidze v. Ford Motor Company | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>15505 Roscoe Boulevard |
|---|---|

| CITY:<br>North Hills | STATE:<br>CA | ZIP CODE:<br>91343 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Van Nuys Courthouse East District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 16, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Superior Court of California
County of Los Angeles

**Receipt**   EFM-2021-2922289.1

**Date:**   2/16/21 2:39 PM
**Time:**   2/16/21 2:39 PM

CASE # 21VECV00189
ANNA SAKVARELIDZE vs FORD MOTOR

| | |
|---|---:|
| Unlimited Civil- Compt/UD/Pet filed >25k - GC70611,70602.5,70602.6 | 435.00 |
| Court Transaction Fee | 2.25 |
| **Case Total:** | 437.25 |

| | |
|---|---:|
| **Total Paid:** | 437.25 |

21LA03162248

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Van Nuys Courthouse East
**Mailing Address:** 6230 Sylmar Avenue
**City, State and Zip Code:** Van Nuys CA 91401

| | |
|---|---|
| **SHORT TITLE:** ANNA SAKVARELIDZE vs FORD MOTOR COMPANY | **CASE NUMBER:** 21VECV00189 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Green Filing
Reference Number: 4839947_1
Submission Number: 21LA03162248
Court Received Date: 02/16/2021
Court Received Time: 12:38 pm
Case Number: 21VECV00189
Case Title: ANNA SAKVARELIDZE vs FORD MOTOR COMPANY
Location: Van Nuys Courthouse East
Case Type: Civil Unlimited
Case Category: Contract/Warranty Breach - Seller Plaintiff (no fraud/negligence)
Jurisdictional Amount: Over $25,000
Notice Generated Date: 02/16/2021
Notice Generated Time: 2:38 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons | Accepted |
| Notice (name extension) | Accepted |

Notice (name extension)                              Accepted

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Green Filing
Contact: Green Filing
Phone: (801) 448-7268

Assigned for all purposes to: Van Nuys Courthouse East, Judicial Officer: Virginia Keeny

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2021 12:38 PM,Sherri R. Carter, Executive Officer/Clerk of Court, by A. Salcedo,Deputy Clerk

1  Raymond Velarde (Bar No. 311940)
   **THE LEMON LAW MAN**
2  700 S. Flower Street, Suite 1000
   Los Angeles, CA 90017
3  Telephone: 626-671-5699
   Facsimile: 626-653-3965
4  lemonlawman@outlook.com

5  Attorney for Plaintiff
   ANNA SAKVARELIDZE

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11  ANNA SAKVARELIDZE, an individual,    Case No.

12              Plaintiff,               COMPLAINT FOR

13       v.

14  FORD MOTOR COMPANY, and DOES         1.  Song-Beverly Act – Breach of Implied
    1 through 10, inclusive,             Warranty of Merchantability
15
                Defendants.              2. Song-Beverly Act – Breach of Express Warranty
16
                                         3. Song-Beverly Act – Violation of Civil Code
17                                       Section 1793.2(d)(2)

18

19                                       DEMAND FOR JURY TRIAL

20

21  Plaintiff alleges as follows:

22       1.  Plaintiff, ANNA SAKVARELIDZE (herein after referred to as "Plaintiff"), an

23  individual residing in the City of West Hills, County of Los Angeles, State of California.

24       2.  Defendant, Ford Motor Company; and DOES 1 through 10 ("Defendant") is a

25  Corporation, and on information and belief, is authorized to do business and doing business in the

26  State of California, County of Los Angeles.

27       3.  Plaintiff is ignorant of the true names and capacities of the Defendants sued under the

28  fictitious names DOES 1 to 10.  They are sued pursuant to Code of Civil Procedure Section 474.

─────────────────────────────────────────

                 COMPLAINT; DEMAND FOR JURY TRIAL

1    When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES
2    1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

3        4.   Defendants are engaged in the business of manufacturing, marketing, promoting,
4    distributing and selling new motor vehicles.

5        5.   All acts of Defendants' corporate employees as below were authorized or ratified by
6    an officer, director or managing agent of the corporate employer.

7        6.   Each Defendant, whether actually or fictitiously named herein, was the principal,
8    agent (actual or ostensible), or employee of each other Defendant and in acting as such principal
9    or within the course and scope of such employment or agency, took some part in the acts and
10   omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the
11   relief prayed for herein.

12       7.   Venue is appropriate in the State of California, County of Los Angeles because
13   Defendant is doing business in this county and the actions of Defendant which form the basis of
14   this action were undertaken in the City of North Hills, County of Los Angeles.

15                              GENERAL ALLEGATIONS

16       8.   Plaintiff incorporates by reference the allegations continued in paragraphs 1 through
17   7, above.

18       9.   On March 31, 2018, Plaintiff leased a 2017 Ford Focus VIN 1FADP3R4XHL325095
19   ("Vehicle").

20       10.  Plaintiff leased the Vehicle for personal, family, or household purposes.

21       11.  The Vehicle came with Defendants' express, new vehicle limited warranties, which
22   provided for bumper-to-bumper coverage of 3 years or 36,000 miles, whichever came first, and
23   powertrain coverage of 5 years or 60,000 miles, whichever came first.  The express warranties
24   covered the charges for repair or replacement, as necessary, to correct any defects in the Vehicle's
25   materials and workmanship.

26       12.  The Vehicle was also delivered with Defendants' implied warranties of
27   merchantability and fitness for a particular purpose.  Because the Vehicle was sold with the
28   express warranties, Defendants were, by operation of law, unable to disclaim the implied

                                        -2-

1 | warranties.

2        13.  Within the express warranty periods, the Vehicle exhibited multiple defects related to

3 the dashboard, infotainment system, the battery, the transmission, the electric motor, and brakes.

4 Plaintiff delivered the Vehicle to Defendants no less than three times to address these defects

5 resulting in the vehicle being out of service approximately 115 days.  These concerns were

6 verified on multiple occasions resulting in repairs to the APIM, the battery, the TCM, and the

7 electric motor.  Unfortunately, Defendants have either been unable or unwilling to repair the

8 majority of them, thereby leaving Plaintiff with a defective, unusable, dangerous vehicle that is

9 substantially impaired in use, value and safety.

10 FIRST CAUSE OF ACTION

11 Song-Beverly Consumer Warranty Act – Breach of the Implied Warranty of Merchantability

12 (Against All Defendants)

13       14.  Plaintiff incorporates by reference the allegations contained in paragraph 1 through

14 13, above.

15       15.  Pursuant to the Song-Beverly Consumer Warranty Act, Defendants, and each of

16 them, provided implied warranties of merchantability to Plaintiff in connection with their lease of

17 the Vehicle. By operation of law, these implied warranties had a duration of no less than one year

18 following Defendants' lease of the Vehicle to Plaintiff and could not be disclaimed.

19       16.  The implied warranties of merchantability mean and include that: (a) the Vehicle

20 should have passed without objection in the trade under the contract description, (b) the Vehicle

21 should have been fit for the ordinary purposes for which such goods are used, (c) the Vehicle

22 should have been adequately contained, packaged and labeled, and (d) the Vehicle should have

23 conformed to the promises or affirmations of fact made on the container or label.

24       17.  At the time Plaintiff leased the Vehicle, and also during the applicable warranty

25 periods, it suffered from defects and non-conformities to the dashboard, the infotainment system,

26 the battery, the transmission, the electric motor, and the brakes. These defects and non-

27 conformities substantially impaired the Vehicle's use, value and safety to Plaintiff.

28       18.  The existence of these defects and non-conformities constitutes a breach of the

-3-

1    implied warranty of merchantability because of the Vehicle, with such defects and non-

2    conformities, (a) would not pass without objection in the trade or under the contract's description,

3    (b) was not fit for the ordinary purposes for which such goods are used in that they rendered the

4    Vehicle inoperative, and (c) was not adequately contained, packaged and labeled, since the

5    defects were not disclosed at the time of the lease and meant that the Vehicle did not conform to

6    the advertised and promoted promises.

7         19.    Plaintiff has been damaged by Defendants' breach of the implied warranties. Plaintiff

8    therefore brings this claim pursuant to California Civil Code Sections 1791.1 and 1792 and seeks

9    the remedies available to her under Civil Code Section 1791.1(d), Commercial Code Sections

10   20601 et seq. and 2711 et seq., and Civil Code Sections 1794(a) & (b).  Plaintiff has been

11   damaged in an amount no less than $20,058.20, the total lease obligation involved in the

12   transaction alleged herein, plus finance charges and other incidental and consequential damages

13   and costs.

14        20.    Plaintiff also has incurred attorneys' fees and costs in prosecuting this matter for

15   which she is entitled to be reimbursed pursuant to Civil Code Section 1794(d).

16                            SECOND CAUSE OF ACTION

17            Song-Beverly Consumer Warranty Act – Breach of the Express Warranty

18                               (Against All Defendants)

19        21    Plaintiff incorporates herein by reference each and every allegation contained in

20   paragraphs 1 through 20, above.

21        22.    Pursuant to the Song-Beverly Consumer Warranty Act ("Act"), Civil Code Sections

22   1790 et seq., the Vehicle is a "New Motor Vehicle," purchased primarily for personal, family or

23   household uses.

24        23.    Plaintiff is a "Buyer" under the Act.

25        24.    Defendants are a manufacturer and warrantor under the Act.

26        25.    Defendants are also a "Retail Seller" under the Act.

27        26.    Defendants supplied an express warranty to Plaintiff in connection with the lease of

28   the Vehicle.  By way of this express warranty, Defendants promised to repair any defects in

                                        -4-

1    materials or workmanship of the Vehicle.  The express warranty provided basic bumper-to-

2    bumper coverage of 3 years or 36,000 miles, whichever came first, and powertrain coverage of 5

3    years or 60,000 miles whichever came first.

4        27.    Defendants' warranty constitutes an "express warranty" under the Song-Beverly

5    Consumer Warranty Act in that it undertook to preserve and maintain the utility and performance

6    of the Vehicle.

7        28.    The Vehicle has exhibited serious defects and non-conformities, including, but not

8    limited to, defects related to the dashboard, the infotainment system, the battery, the transmission,

9    the electric motor, and the brakes.

10       29.    Notwithstanding Plaintiff's many presentations of the Vehicle, Defendants have

11   failed to service and repair it to conform to the applicable express warranties.

12       30.    The Vehicle's defects and non-conformities substantially impaired its use, value, and

13   safety to Plaintiff.

14       31.    Plaintiff has been damaged by Defendants' breaches of express warranty.  Plaintiff

15   therefore brings this claim pursuant to California Commercial Code Section 2313 and Civil Code

16   Section 1791.2(a) and seeks the remedies available to her under Commercial Code Sections 2601

17   et seq. and 2711 et seq., and Civil Code Section 1794 in an amount no less than $20,058.20, the

18   total lease price, involved in the transaction alleged herein, plus finance charges and other

19   incidental and consequential damages and costs.

20       32.    Defendants' failure to comply with their express warranty obligation was willful, in

21   that Defendants and its representatives knew the Vehicle suffered from defects, but intentionally

22   failed to service or repair the Vehicle to conform to the applicable express warranties.  Further,

23   Defendants ignored Plaintiffs' written notice of revocation of acceptance and request that it

24   comply with its statutory obligation.  Accordingly, Plaintiff is entitled to a civil penalty of two

25   times Plaintiff's actual damages pursuant to Civil Code Section 1794(c).

26       33.    Plaintiff also has incurred attorneys' fees and costs in prosecuting this matter for

27   which they are entitled to be reimbursed pursuant to Civil Code Section 1794(d).

28

-5-

COMPLAINT; DEMAND FOR JURY TRIAL

1

## THIRD CAUSE OF ACTION

2

Song-Beverly Consumer Warranty Act – Violation of Civil Code Section 1793.2(d)(2)

3

(Against All Defendants)

4        34.    Plaintiff incorporates herein by reference each and every allegation contained in

5    paragraphs 1 through 33, above.

6        35.    The Vehicle has exhibited serious defects and non-conformities, including, but not

7    limited to, defects and non-conformities with dashboard, infotainment system, the battery, the

8    transmission, the electric motor, and brakes.  Plaintiff delivered the Vehicle to Defendants no less

9    than three times to address these defects resulting in the vehicle being out of service

10   approximately 115 days.  These defects and non-conformities have substantially impaired

11   Plaintiff's use, value and safety of the Vehicle.

12       36.    Defendant and their representatives in this state have been unable to service or repair

13   these defects to conform to the appliable express warranty after a reasonable number of attempts.

14   Despite this fact and Defendant's receipt of Plaintiff's written notice of revocation, Defendant has

15   failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code

16   Section 1793.2(d).

17       37.    Plaintiff has been damaged by Defendant's failure to comply with its obligation in

18   amount no less than $20,058.20, the total sales price involved in the transaction alleged herein,

19   plus finance charges and other incidental and consequential damages pursuant to Civil Code

20   Sections 1793.2(d) and therefore brings this claim pursuant to Civil Code Sections 1794(a) & (b).

21       38.    Defendant's failure to comply with its obligations under Civil Code Section

22   1793.2(d) was willful, in that Defendant and its representatives were aware that they were unable

23   to service or repair the Vehicle to conform to the applicable express warranties after a reasonable

24   number of repair attempts, yet they failed and refused to promptly replace the Vehicle or make

25   restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two

26   times Plaintiff's actual damages pursuant to Civil Code Section 1794(c). Plaintiff seeks civil

27   penalties pursuant to Section 1794, subdivision (c) and (e) in the alternative and does not seek to

28   cumulate civil penalties, as provided in Section 1794(f).

39.   Plaintiff also has incurred attorneys' fees and costs in prosecuting this matter for which they shall seek recovery for under Civil Code Section 1794(d).

PRAYER

Plaintiff PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $20,058.20.
2. For Restitution to Plaintiff in the amount of $20,058.20.
3. For a civil penalty amounting to two times Plaintiff's total damages, pursuant to Civil Code Section 1794(c).
4. For incidental and consequential damages.
5. For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code Section 1794(d).
6. For prejudgment interest at the legal rate.
7. And for such other relief as the Court may deem proper.

Date:   February 16, 2021          THE LEMON LAW MAN


By: _____
    RAYMOND VELARDE
    Attorney for Plaintiff
    ANNA SAKVARELIDZE

COMPLAINT; DEMAND FOR JURY TRIAL

1                      <u>DEMAND FOR JURY TRIAL</u>

2       Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3

4

5   Date:   February 16, 2021             THE LEMON LAW MAN

6

7                             By: _____

8                             RAYMOND VELARDE

                                Attorney for Plaintiff

9                             ANNA SAKVARELIDZE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; DEMAND FOR JURY TRIAL

 **Superior Court of California, County of Los Angeles**

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

## What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

        **Mediation may be appropriate when the parties**
- want to work out a solution but need help from a neutral person.
- have communication problems or strong emotions that interfere with resolution.

        **Mediation may not be appropriate when the parties**
- want a public trial and want a judge or jury to decide the outcome.
- lack equal bargaining power or have a history of physical/emotional abuse.



**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
     - o Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE:  This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - o Free, day- of- trial mediations at the courthouse. No appointment needed.
     - o Free or low-cost mediations before the day of trial.
     - o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/16/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Salcedo _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21VECV00189 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Virginia  Keeny | W | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/16/2021
      (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By A. Salcedo _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.